UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKY VILLANUEVA,

    Plaintiff,

v.                                           Case No. :

TAVARES JANITORIAL SERVICES, INC.
and EGEU TAVARES, an individual,

    Defendants.
_____/

## PLAINTIFF'S FIRST COMPLAINT

Plaintiff, RICKY VILLANUEVA ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants, TAVARES JANITORIAL SERVICES, INC. ("TAVARES JANITORIAL"), and EGEU TAVARES, in his individual capacity ("Defendants"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and the Internal Revenue Code, 26 U.S.C. § 7434.

2. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because a substantial portion of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Defendant TAVARES JANITORIAL is a Florida Corporation that operates a cleaning business in Tampa, Florida, in Hillsborough County.

5. Defendant EGEU TAVARES is the owner of Defendant TAVARES JANITORIAL.

6. Plaintiff is a resident of Hillsborough County, Florida.

7. The INTERNAL REVENUE SERVICE ("IRS") will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## GENERAL ALLEGATIONS

8. At all times material hereto, Defendant TAVARES JANITORIAL was an "employer" within the meaning of the FLSA.

9. Defendant TAVARES JANITORIAL continues to be an "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant TAVARES JANITORIAL was, and continues to be, enterprises engaged in "providing goods for commerce" within the meaning of the FLSA.

11. At all times material hereto, the annual gross sales volume of Defendant TAVARES JANITORIAL exceeded $500,000 per year. Thus, Defendants TAVARES

JANITORIAL was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

12. Defendant EGEU TAVARES is the owner of TAVARES JANITORIAL.

13. As part of his duties, Defendant EGEU TAVARES supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff. Defendant EGEU TAVARES also controlled the payroll practices of TAVARES JANITORIAL.

14. Through the exercise of dominion and control over all employee-related matters at TAVARES JANITORIAL, EGEU TAVARES in his individual capacity is also an "employer" within the meaning of the FLSA.

15. At all times material hereto, Plaintiff had no time whatsoever to pursue other business opportunities as a cleaner during the course of his work for Defendants.

16. At all times material hereto, Defendants set Plaintiff's work schedule, provided Plaintiff with all of the equipment that Plaintiff needed to perform his work as a cleaner, including materials and a van, and ensured access to the various properties in which Plaintiff would perform his work.

17. Defendants also exercised complete control over the methods that Plaintiff and other cleaners used to complete their work, as well as over the manner in which their work was completed.

18. Thus, rather than being an independent contractor, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

19. During the relevant statutory period, Defendants misclassified Plaintiff as an independent contractor through the pay practices and policies that it adopted with respect to Plaintiff.

20. At all times material hereto, the work performed by Plaintiff was integral and essential to the business performed by Defendants.

21. Plaintiff has satisfied all conditions precedent, or they have been waived.

22. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

23. Plaintiff requests a jury trial for all issues so triable.

## **FACTS**

24. Plaintiff worked for Defendants from 2010 until 2015 as a cleaner.

25. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

26. As a non-FLSA exempt employee, Plaintiff was entitled to be compensated for all of the overtime hours that he worked at a rate equal to one and one-half times his regular hourly rate.

27. Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that Plaintiff worked, in violation of the FLSA.

28. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

29. Defendants paid Plaintiff without deducting any applicable taxes, for the purpose of intentionally avoiding their IRS obligations for tax years 2010, 2011, 2012, 2013, 2014 and 2015.

30. Defendants knew or should have known that they had a legal duty to withhold taxes from Plaintiff's earnings and to provide Plaintiff with IRS Forms W-2 for each tax year during which Plaintiff worked.

31. Defendants' actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

## COUNT I – FLSA OVERTIME VIOLATION

32. Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

33. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not compensated for all of these hours in accordance with the FLSA.

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

35. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

 a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages, computed at the applicable overtime rate;

 b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

 c) An amount equal to Plaintiff's unpaid overtime wages as liquidated damages;

d) To the extent that liquidated damages are not awarded, an award of prejudgment interest;

e) A declaration that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT II – CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434 (a)

36. Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

37. By failing to provide Plaintiff with IRS Forms W-2 for all of the tax years during which he was employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff as compensation for all of the hours that Plaintiff worked during the course of his employment with Defendants, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

38. Under the Internal Revenue Code, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

*WHEREFORE*, Plaintiff demands:

(a) Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiff, and damages resulting from the additional tax debt and

additional time and expenses associated with any necessary correction.

(b) That Defendants be ordered to take all the necessary steps to correct the information returns identified above.

(c) All costs and attorney's fees incurred in prosecuting these claims; and

(d) For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 24 day of January, 2017.

Respectfully submitted,

/s/ Luis A. Cabassa

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile: 813-229-8712
E-mail: lcabassa@wfclaw.com
E-mail: mkimbrough@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24 day of January, 2017, a true and correct copy of this Complaint was served on Internal Revenue Service pursuant to 26 U.S.C. § 7434 (d) at 3848 W. Columbus Dr., Tampa, FL 33607

_____
LUIS A. CABASSA