UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:17-cv-00188-RAL-TBM

RICKY VILLANUEVA,

    Plaintiff,

vs.

TAVARES JANITORIAL SERVICES, INC.,
and EGEU TAVARES, individually,

    Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE

The Parties, by and through undersigned counsel, file this Joint Motion for Approval of the Parties' Settlement Agreement, and Stipulated Dismissal with Prejudice, and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the District Court. *See, Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

In order to avoid continued costs and the uncertainty of litigation, the Parties have negotiated settlement of this matter. Defendant does not admit liability, and Plaintiff does not admit a lack of liability. As such, the Parties faced risks if litigation continued. Therefore, in

order to avoid the additional costs and uncertainty of litigation, the Parties have agreed to a settlement amount listed in the attached settlement agreement.

The amount received by Plaintiff as set forth in the attached settlement agreement, is potentially more than he would have recovered had he gone to trial due to the uncertainty of litigation. The Parties stipulate that the Court will retain jurisdiction over enforcement of the settlement agreement.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement; (2) dismissing this action with prejudice pursuant to the parties stipulated settlement and dismissal; and (3) retaining jurisdiction over enforcement of the settlement.

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| By: */s/Luis A. Cabassa*<br>Luis A. Cabassa, Esq.<br>Florida Bar Number: 53643<br>WENZEL FENTON CABASSA, P.A.<br>lcabassa@wfclaw.com<br>1110 North Florida Avenue<br>Suite 300<br>Tampa, Florida 33602<br>T: 813-224-0431 | By: /s/Layla K. McDonald<br>Layla K. McDonald, Esq.<br>Florida Bar Number: 11308<br>ANDERSON LAW GROUP<br>lmcdonald@floridalawpartners.com<br>13577 Feather Sound Drive<br>Suite 500<br>Clearwater, Florida 33762<br>T: 727-329-1999 |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:17-cv-00188-RAL-TBM

RICKY VILLANUEVA,

    Plaintiff,

vs.

TAVARES JANITORIAL SERVICES, INC.,
and EGEU TAVARES, individually,

    Defendant.
_____/

**ORDER APPROVING SETTLEMENT
AND ENTRY OF DISMISSAL WITH PREJUDICE**

THIS CAUSE having come before the Court upon the Joint Motion for Approval of Settlement, and Stipulated Dismissal with Prejudice, and the Court having reviewed the Parties' Settlement Agreement, it appears to the Court that due cause exists to approve settlement and dismiss the case with prejudice, with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement, it is therefore:

**ORDERED,** and **ADJUDGED** that the Settlement Agreement is hereby **APPROVED** by the Court; and this case is **DISMISSED WITH PREJUDICE;** the Court shall retain jurisdiction to enforce the terms of the Settlement Agreement.

**DONE AND ORDERED** in Chambers, at Tampa, Florida, this _____ day of _____ 2017.

                                                _____
                                                RICHARD A. LAZZARA
                                                UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:
Counsel of Record